# WELCH & COMPANY

## *v.*

# CENTRAL SAN CRISTOBAL.

San Juan, Equity, No. 940.

AS TO SALE OF RECEIVERSHIP PROPERTY.

Receivership—Sale of Property.

1. A court of equity having possession of property by its receiver may, pending litigation, sell the property in suit when such course is necessary to preserve the interest of all parties, whether or not rights of mortgagees or other creditors have been determined. These questions may be reserved and claims settled out of proceeds.

Receiver's Sale—Whole Property.

2. The whole business involved in a receivership should be sold either as an entirety or in lots all at the same time.

Sale—Bondholders' Bid.

3. At a sale under a mortgage the bondholders may use their bonds as part of their bid, providing for expenses and preferred claims in cash, and any receivership sale ordered pending litigation should, if possible, have similar provision.

Receivership—Preservation.

4. A court cannot permit trust property under its administration to perish while determining who are the beneficiaries entitled thereto. It will take care of the property by some means.

Opinion filed November 16, 1914.

*Mr. H. G. Molina* for complainant.

*Mr. J. H. Brown* for defendant.

Welch & Co. v. Central San Cristobal.

HAMILTON, Judge, delivered the following opinion:

The motion for sale sets up that the condition of the prop-
erty is such that it cannot be operated by the receiver to ad-
vantage, and that it is apt to deteriorate in his hands if unused.
The trustee of the mortgage bondholders opposes the receiver-
ship sale, and alleges that the foreclosure suit now pending will
be pressed and bring about a sale which will be more to the
advantage of all concerned.

1. "A court of equity appointing a receiver to take posses-
sion of property, pending a litigation concerning the rights of
the parties thereto, is vested with the power of selling the
property in the receiver's hands, whenever such course becomes
necessary to preserve the interests of all parties." High, Re-
ceivers, § 192. This principle has been applied to the case of
a steamboat, where it could not be employed profitably, and
when large disbursements would be necessary to fit it out.
Crane v. Ford, 1 Hopk. Ch. 114; McLane v. Placerville &
S. Valley R. Co. 66 Cal. 630, 6 Pac. 748. The order is one
resting in the sound judicial discretion of the court. 34 Cyc.
"Receivers," p. 310. This discretion may be exercised even
though the rights of mortgagees, at the time such sale was
ordered, or other creditors, have not been determined. Such
questions may be reserved and the claims settled out of the
proceeds of the sale. First Nat. Bank v. Shedd, 121 U. S. 74,
30 L. ed. 877, 7 Sup. Ct. Rep. 807.

2. A sale of the property should, if possible, be so regulated
as to cover the central as a whole. It is alleged that the
mortgage does not cover all the property, and that the general
creditors are entitled at least to so much as is not described

Welch & Co. v. Central San Cristobal.

in the mortgage, while the central, to be operated to advantage,. must be handled and sold as an entirety, whether it all be under the mortgage or not. This principle should be observed. It is sometimes effected by selling the property as a whole, and. sometimes by selling it all at the same time in lots representing the respective liens.

3. If a sale is ordered now, however, it would place the bondholders at a disadvantage. If sold under foreclosure the bondholders would have a right to pay their bid in bonds, except as to expenses and preferred claims, which the court might order paid in cash. At present, however, there has been no proof of the mortgage or the bonds, and it is difficult to see how the court could frame an order which would permit them to be used in bidding at a receivership sale. This is the practical difficulty that will have to be covered in some way in case of sale, and makes the court disinclined to order a sale at this time.

4. On the other hand, there is no question that the court cannot permit trust property, whether it be a central in a receiver's. hands or any other property under its administration, to perish while it is determining who are the beneficiaries.

An order will be entered, therefore, directing the receiver to inquire and report within a week what he can do in the way of borrowing sufficient funds to operate the mill for the next grinding season, consulting not only banks, but the mortgage bondholders and complainant Welch. Meantime, no order of sale will be granted, and what will be done if there is no possibility of operating the mill will be determined when the receiver's report comes in.

The motion for sale is therefore held under submission until the coming in of this report.